IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES MOSLEY | § | |
| | § | |
| v. | § | A-10-CA-312 LY |
| | § | |
| CLAUDE MAYE | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner James Mosely's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed May 10, 2010 (Clerk's Doc. No. 1); and Government's Response to Petition for Writ of Habeas Corpus, filed August 9, 2010 (Clerk's Doc. No. 7).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

On October 31, 2003, Abilene Police Department officers executed a search warrant on a motel room, which listed the Petitioner, James Mosley, as the occupant of the room. Declaration of Patricia Kitka (hereafter Kitka Decl.) ¶ 6. The search revealed that Mosley was in possession of controlled substances and firearms. *Id.* This led to Mosley being named in a three-count indictment filed with the U.S. District Court in the Northern District of Texas, charging him with Unlawful Possession of a Firearm by a Convicted Felon and Aiding and Abetting, User/Addict in Possession of a Firearm, and Possession of an Unregistered Firearm. Kitka Decl. ¶ 6.

On March 4, 2004, Mosley was arrested by—and placed in the custody of—the Taylor County Sheriff's Office in Abilene, Texas, pursuant to outstanding warrants relating to pending state charges stemming from the same search that led to the federal charges. Kitka Decl. ¶ 6. On March 5, 2004, the United States Marshals Service (USMS) borrowed Mosley from state custody pursuant to a federal writ. Kitka Decl. ¶ 7. Mosley was then convicted and sentenced in federal court to a 71-month term of imprisonment for Possession of an Unregistered Firearm on August 27, 2004. Kitka Decl. ¶ 9.

On September 17, 2004, the USMS returned Mosley to state custody, and on September 24, 2004, Mosley was sentenced on his Texas state charge to a five-year term of imprisonment. Kitka Decl. ¶¶ 10-11. On February 8, 2006, Mosley was released from state custody by discharge to the USMS to commence service of his federal sentence. Kitka Decl. ¶ 12.

On April 17, 2006, the Bureau of Prisons (BOP) calculated Mosley's 71-month sentence, commencing it on February 8, 2006, which is the date he was discharged from his state sentence. Kitka Decl. ¶ 13. Mosley utilized the Administrative Remedy Program to request credit against his federal sentence while in state custody. Kitka Decl. ¶ 17. The BOP considered his request for presentence credit toward his sentence as a request for a *nunc pro tunc* designation. *Id.*

On December 24, 2009, the BOP sent a letter to the Honorable Sam R. Cummings, District Judge in the Northern District of Texas, to obtain the court's position regarding a retroactive (*nunc pro tunc*) designation. Kitka Decl. ¶ 20. On January 13, 2010, Judge Cummings responded to the BOP's letter by stating that he is "opposed to the federal sentence running concurrently with the state sentence." Kitka Decl. ¶ 21. On February 26, 2010, the BOP denied the Petitioner's request for a

*nunc pro tunc* designation based on his instant offense, criminal history, and the written objection of the sentencing Judge. Kitka Decl. ¶ 22.

## II.   ISSUE PRESENTED

In his § 2241 Petition, Mosley contends that he is entitled to credit on his federal sentence for all time spent in custody relating to charges stemming from the search on October 31, 2003. Specifically, Mosley argues that he is entitled to credit from the time of his arrest on March 3, 2004, through February 8, 2006, the date Mosley was released from state custody to commence service of his federal sentence. Mosley further argues that because all of the events leading to his arrest took place at the same time and location (i.e. possession of the drugs and firearm occurred at the same time and place), he should be given a *nunc pro tunc* designation against his federal sentence.

## III.   ANALYSIS[1]

**A.   Scope of Review**

The essence of a petition for writ of habeas corpus under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a § 2241 petition attacks the manner in which a prisoner's sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus may only be filed in the district in which the prisoner is incarcerated. *Id*.

---

[1] Respondent does not contest jurisdiction, venue, or that Petitioner has exhausted his administrative remedies.

B.   **Is Mosley entitled to credit against his federal sentence?**

After a district court has sentenced a federal offender, the BOP has the responsibility for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 331–32, 334 (1992). Thus, the BOP is responsible for calculating a prisoner's sentence and for determining what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their sentences. *Id.*; *See also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A defendant is given credit toward his term of imprisonment for any time he has spent in official detention prior to the commencement of the sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b).

The BOP determined that the federal court borrowed Mosley from state court for its criminal proceedings. Kitka Decl. ¶ 8. Mosley's federal sentence did not commence until the state discharged him to the USMS on February 8, 2006. *Id.* at ¶ 12. On April 17, 2006, the BOP calculated Mosley's 71-month sentence, with a commencement date of February 8, 2006. *Id.* at ¶ 13. The BOP did not credit Mosley with the time he previously spent in custody because the Sentencing Court did not specify that Mosley's federal sentence should run concurrently, and he received credit for that time against his state sentence. *Id.* at ¶ 14–16.

The Court finds that the BOP's determination of the amount of credit to be awarded against Mosley's sentence was correct in this case. As noted, a defendant is given credit toward his term of imprisonment for any time he has spent in official detention prior to the commencement of the sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b). In Mosley's case, the period of time for which he seeks credit against his federal sentence (from March 3, 2004 to September 24, 2004) has already been credited against his state sentence. *See* Attachment 5 to Kitka Decl. (showing that Mosley received credit from February 28, 2004 through September 24,

2004 toward his methamphetamine sentence). Section 3585(b) clearly and unambiguously prohibits the BOP from giving a federal prisoner credit toward his federal sentence for time that has already been credited toward some other sentence. By enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. Because Mosley has already received credit toward his state sentence for the time period from February 28, 2004, to September 24, 2004, he is not entitled to receive credit again toward his federal sentence under § 3585(b). *See Leal*, 341 F.3d at 430 (holding that BOP was not required to credit the time defendant spent in state custody, which was credited toward his state sentence, toward his federal sentence since time was already credited against state sentence); *United States v. Moore,* No. 00-40602, 2001 WL 1692476 at *4 (5th Cir. 2001) (finding that defendant was not entitled to credit against his federal sentence for time spent in state custody since the time had already been credited against his state sentence). Thus, the BOP properly applied § 3585(b) in this case and calculated the appropriate amount of credit to be awarded against Mosley's federal sentence in this case. Because Mosley is not entitled to the additional credit that he is seeking here, his application for writ of habeas corpus should be denied.

**C.     Is Mosley entitled to a *nunc pro tunc* designation?**

Mosley requests a *nunc pro tunc* ruling so he may receive credit towards his federal sentence for the time he spent incarcerated in state prison. Judge Cummings, the sentencing judge, wrote that the court is "opposed to the federal sentence running concurrently with the state sentence." Under BOP Program Statement 5160.05, state and federal sentences should run concurrently "only when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." "Federal law presumes that when multiple terms of imprisonment are imposed at different

5

times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (citing 18 U.S.C. § 3584(a)).  The Sentencing Court was aware that Mosley had a pending indictment for drug charges in state court, and that Mosley was in federal custody pursuant to a writ of habeas corpus ad prosequendum, and thus that he had the option to run Mosley's sentence concurrent to the state sentence, and not only did he not do so, but he has since stated that he is opposed to concurrent sentences.  Accordingly, Mosley is not entitled to a *nunc pro tunc* designation.

## IV.   RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Judge **DENY** James Mosley's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of November, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE